JOHN A. STEER CO., A/C CHARLES A. KOONS, INC. *v.* UNITED STATES
(No. 5264)\*

---

\*C.A.D. 911

United States Court of Customs and Patent Appeals, May 4, 1967

*Sharretts, Paley & Carter* (*Donald W. Paley, Gail T. Cumins,* of counsel) for appellant.

*Barefoot Sanders,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, *Sheila N. Ziff* for the United States.

[Oral argument April 4, 1967 by Miss Cumins and Mrs. Ziff]

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK.**

SMITH, Judge, delivered the opinion of the court:

This is an ▮ appeal from the judgment of the Customs Court, Second Division (C.D. 2667) 56 Cust. Ct. 410, overruling appellant's protest as to importations invoiced as "Seamless Steel Tubes, with plain square ends * * *." The importations were classified as "finished or unfinished steel tubes," n.s.p.f.,[1] and claimed as "structural shapes of * * * steel."[2]

---

**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1] Par. 328, as modified, T.D. 52373.

Finished or unfinished iron or steel tubes not specially provided for:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|
| Other _____ | | | | | | 12½% ad val. |

[2] Par. 312, as modified, T.D. 52739.

Beams, girders, joists, angles, channels car-truck channels, tees columns and posts, or parts or sections of columns and posts, and deck and bulb beams, together with all other structural shapes of iron or steel:

Not assembled, manufactured or advanced beyond hammering, rolling or casting_____ 0.1¢ per lb.

The opinion below quotes, as follows, the essential paragraphs of an oral stipulation of facts entered into by the parties:

\* \* \* It is hereby stipulated and agreed that the merchandise consists of seamless steel tubes, made to American Petroleum Institute specifications, J–55, to be made into *couplings for oil well casing.* Said merchandise in its condition as imported is not ready for use as a coupling. It must be cut to specified lengths and threaded before it is a coupling. Said merchandise is designed and intended to be made into *couplings for oil well casing* after importation and is chiefly so used. Said merchandise in its condition as imported is not assembled, manufactured or advanced beyond hammering, rolling or casing [sic].

It is further stipulated and agreed that the American Petroleum Institute specifications for casing, tubes and drill pipe may be received in evidence as Plaintiff's Exhibit 1. Counsel agree that although these specifications were published in March, 1963, they are the same as the specifications at the time of importation in all material respects.

\* \* \* \* \* \* \*

\* \* \* *it is further stipulated and agreed that couplings are used to join one end of a casing joint to another in the construction of an oil well.* The couplings are not a substitute for and are not used for the purpose for which casing joints are used, but are solely to join one end of a casing joint to another in the construction of an oil well \* \* \*. [Emphasis added.]

 The parties agree that two previous decisions of this court govern this appeal, *United States* v. *Humble Oil & Refining Co.*, 46 CCPA 138, C.A.D. 717, and *United States* v. *Winkler-Koch Eng'r Co.*, 41 CCPA 121, C.A.D. 540. In both of these cases extensive consideration was given to the customs provisions in issue here. In *Winkler-Koch* oil well casings were held to be "structures." The lower court here expressly recognized that under *Winkler-Koch* each section of the casing "was classifiable as a structural shape." In *Humble Oil* steel tubing for oil wells which is inserted in the casing was held not to be a structure. The opinion notes, 46 CCPA at 142, that there is "a sharp distinction between oil well casing and tubing, which distinction forms a material part of the reasoning leading to the conclusion that casing elements are structural shapes," citing *Winkler-Koch.*

 In view of the stipulation of fact that we are dealing with importations designed to be made into parts for use as elements of a casing, i.e., casing couplings, we think all of the reasoning advanced in *Winkler-Koch* is applicable here. The importations here are therefore properly classified as "structures" for the reasons stated in *Winkler-Koch.* The judgment of the lower court is therefore *reversed.*